# Tritschler *v.* Tritschler, Appellant.

*Wills—Construction—Legacies.*

A testator devised as follows:

"Second: I order and direct that my two sons Henry and Charles shall each have the sum of fifteen hundred dollars to be first paid to them out of my estate as an advance before any other legacies or bequests herein given are paid, to be paid to them on each of them respectively arriving at the age of twenty-five years."

The residue of his estate, after the death of his wife or her remarriage, he directed to be divided "among all my children or their heirs including my above named two sons Henry and Charles in equal shares share and share alike."

*Held,* that the word advance in the second paragraph of the will did not mean that the legacy to Henry and Charles should be deducted from any other share of the testator's estate which they

148, (1921).]    Syllabus—Opinion of the Court.

might receive, but that he intended to give them the sum of fifteen hundred dollars, over and above the shares devised in the latter part of his will.

Argued December 6, 1920. Appeal, No. 38, Oct. T., 1920, by defendant, from judgment of C. P. Lehigh County, June T., 1917, No. 37, on verdict for plaintiff in the case of Louisa Tritschler, Executrix of. Charles Tritschler, deceased, v. Louis P. Tritschler, attorney in fact for heirs of Henry Tritschler, Sr., deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover payment of balance of amount due on sale of real estate. Before GROMAN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for one thousand dollars and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*Robert L. Stuart,* and with him *Butz & Rupp,* for appellant.—The word advance in the second clause of the will must be construed as a direction to the executor to pay to each of the sons, Charles and Henry, the sum of $1,500 upon account of what they might ultimately be entitled to receive under the 5th clause of the will: Wood v. Schoen, 216 Pa. 425 (430) ; Hamm v. Meisenhelter, 9 Watts 349; Vodges's Est., 16 D. R. 379.

*Claude T. Reno,* and with him *Herbert B. Frederick,* for appellee, cited: Provenchere's App., 67 Pa. 463; Woelpper's App., 126 Pa. 562; Board of Missions App., 91 Pa. 507; McFarland's App., 37 Pa. 300.

OPINION BY PORTER, J., July 14, 1921:

The rights of these parties are dependent upon the construction of the will of Henry Tritschler, Sr., who

died in December, 1874. His will, after directing the payment of his debts, contained the following provisions material to the question here presented: "Second; I order and direct that my two sons Henry and Charles shall each have the sum of fifteen hundred dollars to be first paid to them out of my estate as an advance before any other legacies or bequests herein given are paid, to be paid to them on each of them respectively arriving at the age of twenty-five years." The third clause devised to Anna Maria Stock a house and lot, upon performance by her of certain conditions. The fourth clause of the will devised and bequeathed "All other property real personal and mixed not hereinbefore disposed of which I might die seized and possessed of" to his wife Louise "for and during the term of her natural life and so long as she remains my widow she to have and to hold the same and to have and enjoy the rents issues and profits thereof during the term of her natural life or so long as she remains my widow but in case my said wife Louisa should marry again after my death then and in that case all her right title and interest to and in said property so devised and bequeathed from that time on shall cease and be terminated." "Fifth; All my property real personal and mixed which by the preceding clause of this my will and testament I have given devised and bequeathed to my said wife Louisa during the term of her natural life or widowhood shall immediately or as soon as conveniently can be after the death of my said wife Louisa or as soon as my said wife Louisa shall marry again be divided among all my children or their heirs including my above named two sons Henry and Charles in equal shares share and share alike."

The sum of $1,500, which the second clause of the will directed that each of the sons, Henry and Charles should have, was paid to the said sons, respectively, shortly after the death of their father, out of the proceeds of the personal estate. Louisa Tritschler, the widow, lived un-

til July 31, 1915.   Charles Tritschler and the other children of the testator, entitled to the estate in remainder in the property in which the widow had a life estate, subsequently to her death, duly authorized Louis P. Tritschler, the appellant, to sell their respective interests in certain real estate of which the testator had died seized. The appellant sold the property and received the proceeds thereof amounting to $18,500.   There were six of the children of testator and if the proceeds of the sale were to be divided equally among them each was entitled to receive $3,038.33.   The appellant, one of the sons of testator, set up the claim that the sons Henry and Charles, having each received $1,500, each of the other four children were entitled, under the provisions of the will, to receive a like sum before Charles and Henry were entitled to participate in the distribution; that the $1,500 which had been paid to Charles and Henry, respectively, must, under the provisions of the will, be construed to be merely a payment in advance, upon account of whatever amount they might become finally entitled to receive, and he paid to Charles Tritschler $2,038.33, refusing to pay more.   Charles Tritschler shortly afterwards died, having first made his last will and testament, and letters testamentary were duly issued to the appellee, who brought this action to recover the balance of the amount due the estate of her testator, if he was entitled to an equal share in the property which passed under the fifth clause of the will.   The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

The appellant contends that the use of the words "as an advance," in the second clause of the will, must be construed to prevent that clause having the effect of a bequest, the giving of a legacy, and make it merely a direction to the executor to pay to each of the sons, Henry and Charles, the sum of $1,500 upon account of what they might ultimately become entitled to receive under the fifth clause of the will.   There can be no ques-

tion that it would advance the interests of this appellant to so construe the will, but this cannot be done if it involves a manifest disregard of the intention of the testator. The words which appellant contends should be construed to practically nullify the second clause of the will as a bequest do not, as they are used, have technical significance. The word "advance" may mean a giving beforehand, or a giving before others are to receive, without expectation of return or a subsequent accounting: High's App., 21 Pa. 283. The intention of the testator is to be gathered from his whole will. This testator, as shown by his will, could not accurately and concisely express his wishes in the English language. That he realized this is indicated by the fact that he attempted to express the same idea over and over again in different words. In the fourth paragraph of the will he was not satisfied with the language in which he had attempted to devise and bequeath his estate, real and personal, to his widow "during her natural life and so long as she remains my widow," but proceeds to say that she shall "enjoy the rents issues and profits thereof during the term of her natural life or so long as she remains my widow," and then takes the precaution to negative the idea that it was his intention that she should enjoy the property in case she married again by saying that, in case she does so, "all her right title and interest to and in said property so devised......shall cease and be terminated." It is evident that Henry and Charles were favored objects of the testator's bounty. When he said that each of them should have $1,500, he meant that they should have it out of his estate, for he knew that they could not by force of his will get it from any other source, and the words which he used were just as potent as if he had said I give and bequeath to each of them the said sum. His direction was that it should "be first paid to them out of my estate" but not being satisfied that this would give them priority over other beneficiaries he attempted more clearly to express that idea by adding

(without a break in the sentence and without punctuation) "as an advance before any other legacies or bequests herein given are paid." When the testator used the words in question he was dealing with the order in which the legacies given under the will should be paid and not with the nature of the gift to the only two of the children whom he mentioned by name in the will. His manifest intention was to give the legacies to these two sons priority in payment over all other legacies, general or specific, given by the will. These legacies were to be paid in advance of any other legacies or bequests. The property devised and bequeathed, by the fourth clause, to the widow, during life or widowhood, was what had not been disposed of by the preceding clause. The legacies to Charles and Henry involved property which did not pass to the widow and in which she never had any interest. The property which, by the fifth clause, passed to the children after the death of the widow, was only that in which the widow had had a life estate, and that clause of the will did not give to the other children any right to call Henry and Charles to account for what they had received under the second clause of the will. The testator in this clause of the will again indicated his desire to make his meaning clear by expressly saying that the property should be divided among all his children or their heirs "including my above named two sons Henry and Charles in equal shares." He may have thought that Henry and Charles would not participate in the division of his estate after the death of his widow, for the reason that he had given them definite pecuniary legacies in the second clause of the will, but, whatever his thought, he made it clear that they were not to be excluded. The testator having by express words declared that Henry and Charles should be entitled to share equally with his other children in the division of his estate after the death of his widow, his intention ought not to be defeated by a construction of the second clause

of his will, not clearly required by the language of that clause.

The judgment is affirmed.